

# Fourth Court of Appeals
## San Antonio, Texas

May 11, 2016

No. 04-16-00289-CR

Michael **TURNER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR3656
Honorable Lori I. Valenzuela, Judge Presiding

## O R D E R

Appellant was sentenced on November 5, 2015, and filed a timely motion for new trial on December 20, 2015. Appellant's notice of appeal was therefore due on February 3, 2016. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file a notice of appeal was due on February 18, 2016. TEX. R. APP. P. 26.3. The record indicates appellant did not file his notice of appeal until May 6, 2016, and he never filed a motion for extension of time to file his notice appeal. *See id.*

A timely notice of appeal is necessary to invoke this court's jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke our jurisdiction if (1) it is filed in the trial court within fifteen days of the last day allowed for filing; (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal; and (3) the court of appeals grants the motion for extension of time. TEX. R. APP. P. 26.3. Appellant has not met these requirements.

**We, therefore, ORDER Appellant Michael Turner, to show cause on or before June 1, 2016 why this appeal should not be dismissed for lack of jurisdiction. All appellate deadlines are suspended until further order of the court.[1]**

---

[1]We also note the clerk's record contains a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The clerk's record appears to accurately reflect that this is a plea-bargain case and appellant has no right to appeal. Thus, even if a timely notice of appeal had been filed, this appeal would, in all likelihood, be subject to dismissal under Texas Rule of Appellate Procedure 25.2(d). *See* TEX. R. APP. P. 25.2(d).

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 11th day of May, 2016.

Keith E. Hottle
Clerk of Court